UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAIL HINTERGERGER, et al.,

                    Plaintiffs,

        v.                                              **DECISION AND ORDER**

CATHOLIC HEALTH SYSTEM, et al.,                         08-CV-948S

                    Defendants.

## I. INTRODUCTION

        Plaintiffs commenced this action on August 6, 2008, by filing a summons and class

action complaint in New York State Supreme Court, County of Erie.  They assert causes

of action for conversion, fraud and deceit, misrepresentation, and estoppel relative to

Defendants' alleged failure to properly compensate Plaintiffs and other employees for all

hours worked and/or for hours in excess of 40 per week at overtime rates.  (Docket No. 1-2

¶ 10.)  According to Plaintiffs, Defendants adopted three illegal policies that violate New

York State statutory wage and overtime requirements—a Break Deduction Policy, Unpaid

Preliminary and Postliminary Work Policy, and Unpaid Training Policy.  (*Id.* ¶¶ 10, 44, 70,

71, 80).  They allege that Defendants consistently represented, in publications, statements,

and employment contracts, that wages would be paid in accordance with state law, but at

all times intending to apply these illegal policies and violate the law.  (*Id.* ¶¶ 93, 94.)

        On December 23, 2008, Defendants removed the action to this Court and then

moved to dismiss it in its entirety.  Plaintiffs have moved to remand.  For the reasons stated

1

below, Plaintiffs' motion to remand is denied, and Defendants' motion to dismiss is granted.

## II.  BACKGROUND

Prior to filing their state court action, Plaintiffs commenced an action in this Court ("the Federal Action") based on the same alleged conduct, which action remains pending. Hinterberger v. Catholic Health System, Inc., 08-CV-380, filed May 22, 2008.  The complaint in the Federal Action originally asserted claims under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), ERISA-failure to keep accurate records, ERISA-breach of fiduciary duty, and RICO, and of breach of contract, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment/restitution, quantum meruit, fraud and deceit, misrepresentation, and estoppel.

On July 1, 2008, Defendants moved to dismiss the Federal Action in its entirety.  In response, Plaintiffs voluntarily dismissed, without prejudice, all claims except those alleging violations of the FLSA and NYLL, and estoppel.  (08-CV-380, Docket No. 101.)  Shortly thereafter, on August 6, 2008, Plaintiffs filed two actions in state court which, together, "revive" the ten voluntarily dismissed claims.  Both state actions also assert estoppel claims.  Defendants timely removed both actions to this Court.[1]

Defendants now rely on their prior briefing in the Federal Action (in particular, 08-CV-380, Docket Nos. 86-87) in support of the instant motion to dismiss.  Plaintiffs, in turn,

---

[1] Upon filing in state court, the instant action was assigned Supreme Court Index No. 2008-9075. As already noted, this action includes claims of conversion, fraud and deceit, misrepresentation, and estoppel.  The other action, filed on the same day, was assigned Supreme Court Index No. 2008-9074. That action, asserting claims of failure to keep accurate records under ERISA, breach of fiduciary duty under ERISA, RICO violations, estoppel, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment/restitution, and quantum meruit, also was removed to this Court where it was assigned Docket No. 08-CV-952.

contend that this action was improperly removed, and have moved for remand.

### III.  DISCUSSION

Because Plaintiffs' remand motion challenges the Court's subject matter jurisdiction to hear this case, the Court will address it first.

**A.      Plaintiffs' Motion to Remand**

Removal to a federal district court is permitted only where the court has original jurisdiction, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §§ 1441(a), 1447(c); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004).   The rules regarding removal are to be strictly construed.   In re Methyl Tertiary Butyl Ether Products Liability Litig., 342 F. Supp. 2d 147, 151 (S.D.N.Y. 2004). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  District courts evaluate a defendant's right to remove a case on the pleadings, viewed as of the time the petition was filed.  Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (2d Cir. 2003) (citations omitted).  The burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942).

Here, Defendants claim this Court has jurisdiction under 28 U.S.C. § 1331, which provides district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  They contend that Plaintiffs' state law

claims are preempted by federal law—specifically, § 301 of the Labor Management Relations Act ("LMRA") and the FLSA.

"'To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" Rivet v. Regions Bank, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (quoting Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 81 L. Ed. 70 (1976)).  However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions"—*i.e.* by artful pleading.  Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).  This artful pleading doctrine allows removal where federal law preempts a plaintiff's state law claim.  Rivet, 522 U.S. at 475.  Defendants' removal petition is predicated on this doctrine.

### 1.    LMRA Preemption

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).  It is well-settled that § 301 also contemplates suits by individual employees to vindicate "uniquely personal" rights, such as wages, that find their source in a collective bargaining agreement.  Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562, 96 S. Ct. 1048, 47 L. Ed. 2d 231 (1976).

Actions within the scope of § 301 are controlled by federal law and the Supreme

Court has described the pre-emptive force of § 301 as "so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.  Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." Franchise Tax Bd.of Ca. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (internal quotation marks omitted).  The LMRA's preemptive power also applies "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985).  This is so "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." Vera, 335 F.3d at 114.

There are four named Plaintiffs here who purport to also represent a class of other employees similarly situated.  Defendants state, in their notice of removal, that "many" of the named Plaintiffs and the individuals they purport to represent are or were unionized employees who were subject to the provisions of various collective bargaining agreements ("CBAs") relating to compensation and overtime.  They removed this action on the ground that Plaintiffs' common law claims for unpaid wages necessarily involve interpretation of CBAs and thus are preempted by Section 301 of the LMRA.

Although Plaintiffs do not expressly refer to CBAs in their Complaint, they do allege the existence of "employment contracts."  (Docket No. 1-2 ¶ 95).  These same named Plaintiffs earlier alleged, in their Federal Action, that "[D]efendants and each Class Member entered into a contract for employment, including implied contracts and/or *express contracts such as collective bargaining agreements*." (08-CV-380, Docket No. 1, ¶¶ 93-96

(emphasis suppled).)[2]  Finally, in their memorandum in further support of remand, Plaintiffs acknowledge the applicability of at least one unidentified CBA.

Despite their acknowledgment, Plaintiffs urge that this case is not removable because the adjudication of their state law substantive rights does not require interpretation of a CBA: "Whether defendants failed to provide plaintiffs with all compensation owed because of fraud, conversion, or misrepresentation does not depend on the interpretation of the CBA, but on whether the elements of these well rooted state law claims have been met."  (Docket No. 9 at 5-6.)

In opposition, Defendants argue that New York law does not establish a right to compensation for the time sought here—*i.e.*, time worked during meal periods, before and after shifts, or during training sessions.  They go on to reason that, if the right exists at all, it must arise from employment contracts, including CBAs.[3]  As such, resolution of the claims will necessarily require contract interpretation such that preemption is mandated.

Defendants' blanket statements are unpersuasive.  First, this Court previously held, in the Federal Action between these same parties and involving the same alleged conduct, that New York statutory law does establish a right to compensation for all labor or services rendered.  Hinterberger v. Catholic Health, No. 08-CV-380, 2009 U.S. Dist. LEXIS 108116, at *11-12 (W.D.N.Y. Nov. 19, 2009).  Defendants have offered no reason to depart from

---

[2]  Defendants, in moving to dismiss the Federal Action, presented copies of nine CBAs between various individual defendants and unions.  (Docket No. 86-2, Exs. A-I.)  Each includes provisions regarding, *inter alia*, hours of work, wages, and overtime.

[3]  Defendants point, by way of example, to a provision from an agreement between St. Joseph's Hospital and Communication Workers of America, AFL-CIO regarding training time.  (Docket No. 19 at 10.)  There is now way of knowing, on these pleadings or those in the Federal Action, whether this CBA applies to any named Plaintiff here.

that holding.[4]  The same holding obviously negates Defendants' conclusion that the right

to compensation for work performed during those times can arise only from employment

contracts, including CBAs.

Here, the Complaint merely alleges that Defendants repeatedly represented they

would comply with statutory wage laws, even though they had no intention of doing so.

Even assuming such representations were made in CBAs covering one or more of the

Plaintiffs, it would not alter the fact that the alleged right Plaintiffs seek to vindicate—

wages due under statutory law—is independent of any CBA.  The mere existence of a CBA

does not mandate preemption in such circumstances.  As the Second Circuit recognized

in Foy v. Pratt & Whitney:

> [Section] 301 preemption applies only when necessary to assure that the
> purposes animating § 301 will be frustrated neither by state laws purporting
> to determine questions relating to what the parties to a labor agreement
> agreed, and what legal consequences were intended to flow from breaches
> of that agreement . . . .

127 F.3d 229 (2d Cir. 1997) (citation and quotation marks omitted).

Where, as here, a right arises from state law, the court must consider whether the

state law claim requires interpretation of a provision of the CBA.  If interpretation is

required, the claim is preempted.  Levy v. Verizon Information Servs. Inc., 498 F. Supp. 2d

586, 596 (E.D.N.Y. 2007.)

In support of their jurisdiction argument, Defendants rely on Vera and Levy, two

cases in which the courts concluded the plaintiffs' state wage claims were preempted.  I

---

[4]  I note that Defendants' briefing on this motion preceded the referenced decision.  However,
Defendants did not subsequently seek to challenge the decision in the Federal Action or supplement its
briefing in this action.

find both cases distinguishable.

The complaint in <u>Vera</u> alleged that a particular provision of the parties' agreement altered a common law rule relating to the payment of commissions and that another of its terms violated a provision of state labor law. 335 F.3d at 115-16. In affirming the denial of a motion to remand, the Second Circuit concluded that resolution of the claims would require substantial interpretation of the agreement to determine whether the parties had, in fact, agreed to alter common law and to violate statutory law. *Id*. In contrast, there is no allegation here that any CBA contains unlawful provisions. Rather, Plaintiffs allege that Defendants consistently stated their intent to comply with state law. Defendants have not given any reason why, much less established that, their purported agreement to abide by state law will require the Court to interpret CBAs.

In <u>Levy</u>, the court concluded, *inter alia*, that before determining whether the defendant made unlawful deductions from the plaintiffs' commissions, it would need to analyze the agreement's compensation provisions to determine whether the commissions the plaintiffs claimed they were due had actually been earned. 498 F. Supp. 2d at 597. Here, in contrast, Defendants have not pointed to a particular CBA provision that even applies to Plaintiffs, much less requires interpretation. Because it is not yet evident which Plaintiffs are members of a bargaining unit or which CBAs are relevant, this Court has no basis upon which to evaluate the need to refer to or interpret any wage-related provision(s). It may well be that, with more information, Defendants can demonstrate preemption. At this juncture, however, their showing is insufficient to establish subject matter jurisdiction

based on the LMRA.[5]

## 2.   FLSA Preemption

As noted above, Plaintiffs have identified three purportedly illegal policies pursuant to which Defendants failed to compensate them for all hours worked and/or for hours in excess of 40 per week at overtime rates.

In removing this action, Defendants contend the Plaintiffs dismissed their wage-related common law claims from the Federal Action and then brought them in state court in an attempt to avoid the FLSA's remedial scheme, which is an exclusive one.  In support of their assertion that these claims are wholly preempted, Defendants rely on two district court cases, the more recent of which is from this district.  *See* Lopez v. Flight Servs. & Sys., Inc., No. 07-CV-6186 (CJS), 2008 U.S. Dist. LEXIS 4744, at *13, 19-20 (W.D.N.Y. Jan. 23, 2008) (finding plaintiffs' common law claims all pertained to defendants' failure to pay in accordance with the FLSA and were, therefore, preempted as duplicative) (citing, *inter alia*, Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007);  Petras v. Johnson, No. 92 Civ. 8298, 1993 U.S. Dist. LEXIS 8464 (S.D.N.Y. June 22, 1993)).

Plaintiffs, in moving to remand, urge that there is no basis for federal jurisdiction over their common law claims for conversion, fraud, and misrepresentations because the FLSA does not have the same broad preemptive force as does the LMRA—*i.e.*, it is not

---

[5]  For substantially the same reasons, this Court previously concluded, in 08-CV-380, that it was not yet able to determine whether § 301 preempts Plaintiffs' New York Labor Law claim.  Hinterberger, 2009 U.S. Dist. LEXIS 108116, at *8-10, 15 ("It may well be that Plaintiffs' NYLL claim is preempted . . . . However, . . . the time to make that determination is after the parties and the Court are clear on which bargaining units are implicated in this action and which CBA or CBAs apply.").

an exclusive remedy.  They provide no authority in support of their position.[6]  For the reasons stated below, I reject both sides' all-or-nothing conclusions and find that these common law claims are preempted in part.

The principle purpose of the FLSA is "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).  The Act provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  The regular, minimum rates at which employees must be paid are established by section 206 of the FLSA.  Id. § 206(a).  The FLSA sets forth a broad civil enforcement scheme, pursuant to which "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  Id. § 216(b).  But the FLSA also contains a savings clause which allows the states to enact their own stricter wage and hour provisions.  Id. § 218(a).

New York has enacted its own provisions, pursuant to which employees must be compensated for all hours worked.  The NYLL provides for full recovery of all unpaid straight-time wages owed.  In contrast, the FLSA provides for recovery of straight-time wages only to the extent the amount of compensation received by an employee results in

---

[6]  Plaintiffs cite only Wynn v. AC Rochester, 273 F.3d 153 (2001), which includes no discussion of FLSA preemption.

an hourly rate that is less than the applicable federal minimum wage.  In other words, New York has adopted a stricter wage provision with regard to straight-time.  As for overtime, "the Second Circuit Court of Appeals and . . . New York District Courts have verified that overtime claims may be brought pursuant to NYLL § 650 *et seq.* and that implementing regulation 12 NYCCRR 142-2.2 carries the force of law."  Hinterberger, 2009 U.S. Dist. LEXIS 108116, at *12 n.6 (citation and quotation marks omitted).  The NYLL overtime regulation expressly incorporates the FLSA's calculation provisions, and so recovery for overtime wages is precisely the same under either statute.

Although the Second Circuit has held that *statutory* wage claims under the NYLL (which provides equal or greater protections than the FLSA) are not preempted by the FLSA, it has not yet considered whether preemption applies when unpaid wages are sought, as here, via *common law* claims.  The circuit courts that have done so have concluded that such claims are preempted where the relief sought is available under the FLSA.  *See* Anderson v. Sara Lee Corp., 508 F.3d 181, 192-93 (4th Cir. 2007) (noting the FLSA's unusually elaborate enforcement scheme and finding plaintiffs' negligence, contract, and fraud claims preempted where recovery on those claims would require the same proof as a claim asserted under the FLSA); Williamson v. General Dynamics Corp., 208 F.3d 1144, 1153-54 (9th Cir. 2000) (noting that claims directly covered by the FLSA—such as overtime and retaliation disputes— must be brought under the FLSA, but finding that the plaintiffs' fraud claim was not preempted where the employer's conduct was not covered by any FLSA provision).

In many district court cases where this issue has arisen, the plaintiffs' common law

claims were brought in conjunction with FLSA claims, based on the same facts, and seeking the same relief.  In such cases, most courts have had no trouble dismissing the common law claims as preempted to the extent recovery is available under the FLSA, even where the plaintiff also brought wage claims under a parallel state statute.  *See, e.g.*, Guensel v. Mount Olive Bd. of Educ., Civ. No. 10-4452, 2011 U.S. Dist. LEXIS 132102, at * 19 (D.N.J. Nov. 16, 2011) (common law claims that are "directly covered" by FLSA must be brought under the FLSA); DeMarco v. Northwestern Mem. Healthcare, Civ. No. 10-C-397, 2011 U.S. Dist. LEXIS 88541, at *17-18 (N.D. Ill. Aug. 10, 2011) (unjust enrichment and other state common law claims seeking relief available under the FLSA are preempted); Bouthner v. Cleveland Constr., Inc., Civ. No. RDB-11-244, 2011 U.S. Dist. LEXIS 79316, at *21-22 (D. Md. July 21, 2011) (although common law claim made no reference to FLSA, it was preempted where claim sought wages mandated by FLSA).

Two courts in this Circuit have expressly concluded that common law claims are preempted to the extent they seek recovery available under the FLSA, but are not preempted to the extent that state law provides a remedy not available under federal law. DeSilva v. N. Shore-Long Island Jewish Health Sys., 770 F. Supp.2d 497, 532-33 (E.D.N.Y. 2011) (finding common law claims preempted by FLSA to extent they sought overtime wages, but not preempted to extent they sought straight-time pay not available under the FLSA);  Barrus v. Dick's Sporting Goods, Inc., 732 F. Supp. 2d 243, 263 (W.D.N.Y. 2010)[7] (dismissing common law claims seeking unpaid overtime as preempted

---

[7] The Barrus decision reverses that portion of Lopez, 2008 U.S. Dist. LEXIS 4744, at *13, 19-20, the Defendants appear to rely on for the proposition that the FLSA provides an exclusive remedy for all common law wage claims, including those seeking straight-time pay.

by FLSA, but allowing claim for unpaid straight time wages to go forward). Other district courts have held likewise. *See*, *e.g.*, Monahan v. Smyth Auto., Inc., No. 10-CV-00048, 2011 Dist. LEXIS 9877, at *9-11 (S.D. Oh Feb. 2, 2011) (unjust enrichment claim not preempted where it was based on alleged failure to pay the state's minimum wage, which was higher than FLSA minimum wage rate); Mickle v. Wellman Prods. LLC, No. 08-CV-0297, 2008 U.S. Dist. LEXIS 63697, at *10-11 (N.D. Okla. 2008) (while state statute created a distinct cause of action for overtime compensation, the plaintiffs' common law claim seeking such relief was duplicative of remedies provided by the FLSA and was preempted).

The law on this issue is by no means settled—some courts have declined to find common law claims preempted where a state's statute incorporates the FLSA's minimum wage and/or overtime provisions, and others have dismissed entirely common law claims for which the FLSA provides only partial relief. However, I find the foregoing cases from within this Circuit persuasive. As the DiSilva court noted, the FLSA's savings clause expressly provides that wage and hour actions may be brought under state wage *statutes*, "it says nothing about a party's ability to pursue general *common law* claims that have no specific relevance to the labor law context." 2011 U.S. Dist. LEXIS 27138, at *93 (emphasis in original).

Here, Plaintiffs common law claims are not brought in conjunction with any claim for relief under the FLSA or the NYLL. They refer generally to statutory law only as the basis for calculating damages. This vague reference to "state law" is not enough to draw purely common law claims into the ambit of the FLSA's savings clause. Accordingly, to the extent Plaintiffs are seeking unpaid overtime wages that are available under the FLSA, their

common law claims are preempted, and to the extent they are seeking straight-time wages for which no federal relief is available, they are not.

* * * * * *

Because Plaintiffs' claims are preempted, in part, by federal law, subject matter jurisdiction exists and Plaintiffs' motion to remand is denied.

## B.     Defendants' Motion to Dismiss

Defendants seek dismissal of the Complaint and offer the following arguments in support: (1) Plaintiffs' common law claims are wholly preempted by the FLSA, (2) Plaintiffs have not pled the circumstances of their fraud claim and misrepresentation claim with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure, and (3) the Complaint fails to state a claim for misrepresentation.

### 1.     *The FLSA-Based Claims*

As determined above, Plaintiffs' common law claims are preempted to the extent they claim a failure to pay overtime compensation.  The claims for conversion and misrepresentation, which seek full compensation for all work performed, are preempted in part, and are dismissed to the extent they seek overtime wages.  Plaintiff's third cause of action for fraud and deceit alleges damages relating solely to overtime.  Accordingly, it is preempted in its entirety and dismissed with prejudice.[8]

---

[8] Even though Plaintiffs did not bring a separate FLSA claim in this action, a dismissal with prejudice does not foreclose all avenues for relief.  As previously noted, these very same Plaintiffs currently have an FLSA claim pending in this Court against all of these same Defendants based on the same alleged facts.

## 2.    *The Non-Preempted Portion of the Common Law Claims*

Before considering Defendants' further arguments for dismissal, this Court must again consider its jurisdiction—specifically, whether, having disposed of all claims based on federal law, it should decline to exercise supplemental jurisdiction over the purely state law claims.  *See* 28 U.S.C. § 1367(c)(3).

The United States Supreme Court has instructed that courts ordinarily should decline to exercise supplemental jurisdiction in the absence of federal claims.  *See* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view; where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); *see also*, Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."); Powell v. Gardner, 891 F.2d 1039, 1047 (2d Cir. 1989) ("in light of proper dismissal of the § 1983 claim against the County, the district court

should have declined to exercise pendent jurisdiction over Powell's state-law claims against the County").

This case is an exception to the general rule.  As fully discussed above, Plaintiffs' common law claims were brought in this Court in the first instance, based on precisely the same facts and circumstances as the claims still pending in the Federal Action.  Plaintiffs then chose to voluntarily dismiss the instant claims and others, only to resurrect them all in two state court actions.  Principles of judicial economy, convenience to parties and witnesses, and fairness all weigh in favor of retaining jurisdiction here.  Moreover, there is no harm to the principle of comity.  Plaintiffs already have chosen to bring their NYLL claim in this Court, and what remains of their common law claims seek the same relief under alternate legal theories.  For these reasons, I find it appropriate to exercise supplemental jurisdiction over this action.

> a.    *Standard of Review*

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See* Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).  "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'"  Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

16

The Supreme Court recently clarified the appropriate pleading standard in Ashcroft v. Iqbal, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The decision instructs district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57 (internal citations omitted)).

> b.    Misrepresentation

Plaintiffs allege that Defendants misrepresented their intent to comply with wage and hour statutes, and engaged in conduct aimed at concealing their true purpose—i.e., to violate the law. According to Plaintiffs, Defendants represented, through corporate publications and statements of their agents, that they would pay wages in accordance with the law, but then deliberately concealed information in paystubs and other unspecified payroll documents, promulgated illegal policies that were contrary to their stated intent, and told employees they could not be paid for break time. (Docket No. 1-2 ¶¶ 81-84, 96.) These same allegations also formed the basis for Plaintiffs' now-dismissed fraud claim.

Defendants argue, *inter alia*, that Plaintiffs fail to state a claim for misrepresentation because they have not pleaded the basis for the claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiffs urge that they have given Defendants sufficient notice of the basis for their claim, and the claim therefore survives the motion to dismiss.

The language of Rule 9(b) "is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004).  The Second Circuit Court of Appeals has left open the question of whether Rule 9(b) applies to negligent misrepresentation claims, while acknowledging that district courts within the Circuit have applied the Rule 9(b) pleading standard where such claims are premised on fraudulent conduct.  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 188 (2d Cir. 2004).  District courts have reasoned that "since negligent misrepresentation is a type of fraud, it is subject to Rule 9(b)'s heightened pleading standard."  Naughright v. Weiss, No. 10 Civ. 845, 2011 U.S. Dist. LEXIS 133742, at *34-35, 41-42 (S.D.N.Y. Nov. 18, 2011) (citation omitted); *see also*, DeBlasio v. Merrill Lynch & Co., Inc., No. 07 Civ 318, 2009 U.S. Dist. LEXIS 64848, at *35 (S.D.N.Y. July 27, 2009) ("To the extent any of Plaintiffs claims are 'premised on fraudulent conduct, the facts alleging that conduct are subjected to the higher pleading standard of Rule 9(b).'") (citation omitted)).; Maalouf v. Salomon Smith Barney, Inc., No. 02 Civ. 4770, 2003 U.S. Dist. LEXIS 5913, at *11 (S.D.N.Y. Apr. 10, 2003) ("Rule 9(b)'s particularity requirement demands that the complaint contain specific factual allegations demonstrating that a statement was false or misleading when made.").

To prevail on a claim for negligent misrepresentation, a plaintiff must show: "(1) the defendant had a duty, as a result of a special relationship, to give correct information, (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir. 2000).  "To satisfy the particularity requirement of Rule 9(b), the allegations should specify the time, place, speaker, and sometimes content of the alleged misrepresentations." Losquadro v. FGH Realty Credit Corp., 959 F. Supp. 152, 157 (E.D.N.Y. 1997) (quoting IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993)).

Here, Plaintiffs offer insufficient supporting details about "Defendants'" purported misrepresentations.  They do not identify which entities, individuals, or agents were responsible for making any of the purported misrepresentations. Naughright, 2011 U.S. Dist. LEXIS 133742, at *35 ("Rule 9(b) is not satisfied where the Complaint lumps several defendants together and fails to specify what each defendant said.")  Moreover, they provide no particulars about the misrepresentations themselves.  There is no attempt to describe what information was concealed, which corporate documents contain misstatements, what those statements were and who made them, or which Plaintiff inquired about the break policy and when, how the question was presented, who responded on behalf of which Defendant, and how a statement that break time is not compensable violates the law.  Plaintiffs have not isolated any particular act or representation made by any specific entity or person on any particular date. Alnwick v.

European Micro Holdings, Inc., 281 F. Supp. 2d 629, 640 (E.D.N.Y. 2009) (vague windows of time are insufficient to satisfy pleading standards of Rule 9(b)).  In short, their allegations are simply too generalized and conclusory to pass muster.

A dismissal based on pleading insufficiencies is typically without prejudice. However, Defendants further argue that this claim must be dismissed as a matter of law because Plaintiffs have not and cannot allege the special relationship element of a negligent misrepresentation claim.

A "special relationship" may be shown by alleging either (1) that the person making the representation held or appeared to hold unique or special expertise, or (2) that a special relationship of trust or confidence existed between the parties. Suez Equity Investors, L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 103 (2d. Cir. 2001) (citing Kimmell v. Schaefer, 89 N.Y.2d 257, 263, 675 N.E.2d 450, 652 N.Y.S.2d 715 (1996)).  I agree that, here, Plaintiffs have not alleged facts permitting an inference that defendants held or appeared to hold special expertise, or that there exists a special relationship of trust or confidence between any one of them and any of the various defendants.  They have alleged, at best, an ordinary employer-employee relationship, and it is not even clear from the Complaint which Plaintiff is employed by which Defendant.  Kwon v. Yun, 606 F. Supp. 2d 344, 356-57 (S.D.N.Y. 2009) (courts have routinely held that employer-employee relationship alone does not constitute special relationship sufficient to support negligent misrepresentation claim) (collecting cases); DeSilva, 770 F. Supp. 2d at 534-35 (E.D.N.Y. 2011)  (dismissing negligent misrepresentation claim without prejudice where plaintiffs failed to allege supporting facts beyond employer-employee relationship).

Although Plaintiffs have not alleged a special relationship, this Court is not

convinced that they cannot do so as a matter of law.  The cases concluding that the employer-employee relationship does not qualify as a special relationship rely, in turn, on state court decisions involving at-will employees.  Defendants argue, and Plaintiffs concede, that at least some of the Plaintiffs here are subject to one or more collective bargaining agreements.  Without more facts and further briefing, this Court has no basis to conclude that, as a matter of law, union employees and their employers cannot be parties to a special relationship.  Accordingly, dismissal of this claim is without prejudice. While such an outcome ordinarily is accompanied by a directive to the plaintiff regarding an amended complaint, no directive will accompany this decision for reasons that are discussed below.

        *c.*    *Estoppel*

In their fourth cause of action, Plaintiffs claim "[d]efendants are estopped from asserting statute of limitations defenses against plaintiffs."  (Docket No. 1-2 ¶ 135.)  As pled, this is not a distinct cause of action, but instead is an equitable bar to defendants' assertion of a statute of limitations defense.  <u>DiSilva</u>, 770 F. Supp. 2d at 535 (citation omitted).  Thus, Plaintiffs fail to state a claim for relief and such "claim" is dismissed.  This ruling does not, however, prevent Plaintiffs from asserting equitable estoppel at an appropriate point in the litigation, should any of their claims go forward and should Defendants assert a statute of limitations defense.  *Id*. (citation omitted).

        *d.*    *Conversion*

Plaintiffs also assert a conversion claim.  Defendants' motion does not contain any arguments as to why this claim should be dismissed, and so this claim remains to the extent it seeks recovery of straight-time wages.

Ordinarily, the unchallenged conversion claim would simply go forward.  But, there is yet another factor to consider.  This Court has previously noted, "[i]t is well-settled that plaintiffs have no right to maintain two actions on the same subject in the same court against the same defendant at the same time." Banks-Holliday v. Am. Axle & Mfg., No. 02-CV-245, 2005 U.S. Dist. LEXIS 2453, at *7-8, (W.D.N.Y. Jan. 24, 2005) (internal quotation marks and citations omitted) (dismissing second employment discrimination action brought in same court, against same defendant, and based on same incidents, where second suit merely posited alternative theory of recovery).  A court faced with a second lawsuit between the same parties and involving the same subject matter will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 186, 72 S. Ct. 219, 96 L. #d. 200 (1952) (affirming grant of injunction in second action, where two actions brought in different jurisdictions involved same patent); Devlin v. Transportation Communications Int'l Union, 175 F.3d 121, 129-30 (2d Cir. 1999) (remanding for consideration of consolidation under Rule 42(a) where related actions were both commenced in same district); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 80 (2d Cir. 1989) (applying first filed rule, and dismissing second suit without prejudice).

Consolidation would ordinarily be the logical choice where, as here, multiple suits involving the same subject matter are pending in the same court.[9]  However, these circumstances are less than ordinary.  When faced with a motion to dismiss in the Federal Action, Plaintiffs chose to voluntarily dismiss ten of their original thirteen claims, including

---

[9] Stays and injunctions are typically employed when related actions are brought in different jurisdictions.

their conversion claim.   It is of no moment whether they wished to forum shop after previewing Defendants' motion to dismiss, or pressure Defendants with duplicative actions in separate forums, or achieve some less offensive end.   Given Plaintiffs' affirmative decision not to pursue their conversion claim in this forum, consolidation would run counter to their express desire and confer an unjustified benefit.   Accordingly, I will instead dismiss Plaintiffs' conversion claim seeking straight-time wages without prejudice.

Plaintiffs also voluntarily dismissed their negligent misrepresentation claim from the Federal Action.   Because of that voluntary dismissal, Plaintiffs will not be given leave to replead this cause of action at this time.   Should Plaintiffs wish to pursue in this Court either of the common law claims that are dismissed without prejudice, they must do so in the pending Federal Action pursuant to Federal Rule of Civil Procedure 15(a)(2).

## IV.  CONCLUSION

For the reasons given above, Plaintiffs' Motion to Remand is denied, all common law claims relating to unpaid overtime wages are preempted by the FLSA and dismissed with prejudice, and the fraud claim is dismissed with prejudice.  Plaintiffs' misrepresentation and conversion claims relating to unpaid straight-time wages, which already were voluntarily dismissed from Plaintiffs' pending Federal Action without prejudice, are dismissed from this action without prejudice.  Finally, the estoppel "claim" is dismissed, but Plaintiffs are not precluded from raising estoppel as an equitable bar at an appropriate point in any litigation that may go forward.  The Court has considered all other arguments raised by the parties and finds, in light of the foregoing decision, they are either irrelevant or premature.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Remand to State Court (Docket No. 8) is DENIED;

FURTHER, that Defendants' Motion to Dismiss (Docket No. 6) is GRANTED;

FURTHER, that the dismissal of Plaintiffs' claims of conversion, negligent misrepresentation, and estoppel is without prejudice;

FURTHER, that should Plaintiffs seek to replead the claims for conversion and/or negligent misrepresentation, they must do so in 08-CV-380, from which they previously voluntarily dismissed the very same claims;

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.


Dated:      January 8, 2012
            Buffalo, New York


                                   /s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                        Chief Judge
                                   United States District Court